**William WAYTHE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51305.**

Court of Criminal Appeals of Texas.

Feb. 25, 1976.

Rehearing Denied March 17, 1976.

Terrence F. Srsen, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, William J. Ellis, Asst. Dist. Atty., Fabens, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

Appellant was tried upon a single indictment containing four substantive counts of forgery as defined in V.T.C.A., Penal Code, Sec. 32.21(a)(1)(B), (1974); the punishment was fixed at life imprisonment. We have determined that this is a case of first impression for this Court on a multicount indictment under the criminal episode theory set forth in V.T.C.A., Penal Code, Sec. 3.02(a).

Appellant was indicted in an eight count indictment for four separate forgery offenses. The first, third, fifth and seventh counts alleged the commission of the four separate forgery offenses. The second, fourth, sixth and eighth counts alleged the same offenses, but each additionally contained a second paragraph alleging that appellant had two prior felony convictions. The same two prior felonies were alleged in each of these four paragraphs.

Appellant filed a timely motion to quash which was overruled. The motion to quash requested separate indictments issue on each count because the proof on each count varied, making a fair trial impossible, and because Article 21.24, V.A.C.C.P., was not applicable. As amended, effective January 1, 1974, Article 21.24 provides that a single indictment may charge two or more offenses, each in a separate count, if the offenses arise out of the same "criminal episode". Criminal episode is defined in Chapter 3, V.T.C.A., Penal Code, as "the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)."

■ We find the repeated commission of forgery as alleged in the substantive counts permitted the State to charge all four offenses in a single indictment.

However, appellant's other ground for quashal is a motion for severance under V.T.C.A., Penal Code, Sec. 3.04(a). He asserted this right in a timely manner and in a form which apprised the trial court of his request. The trial court erred in denying appellant the right to sever the several offenses under Sec. 3.04(a).

Counts first, third, fifth and seventh, alleging the four separate forgeries were properly joined under the provisions of V.T.C.A., Penal Code, Sec. 3.01, reading:

"In this chapter, 'criminal episode' means the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)."

See also, V.A.C.C.P., Sec. 21.24, as amended, effective January 1, 1974.

This statutory joinder in separate counts of separate offenses is subject to the rights granted to an accused by the provisions of V.T.C.A., Penal Code, Sec. 3.04(a). This statute is a model of simplicity, reading:

"Whenever two or more offenses have been consolidated or joined for trial under Sec. 3.02 of this code, the defendant shall have a right to a severance of the offenses."

The language of Sec. 3.04(a) is remarkably similar to that used in the ABA, Standards Relating to Joinder and Severance (Approved Draft, 1968), Sec. 2.2, reading:

"(a) Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses." [1]

Presumptively, the legislature knew of the practice prevailing in the federal system as well as in several other states which differs materially from that chosen by the law-making body. See, e. g., Federal Rules of Criminal Procedure 8(a) and 14. Instead of adopting the liberal joinder of offenses with a severance in the discretion of the court upon a showing of prejudice, the Texas legislature adopted the rule requiring a mandatory severance.

The reasons for the adoption of ABA section just quoted above are articulated in the Commentary immediately following § 2.2, and need not be repeated here. Plainly, the section now under consideration was adopted by our legislature with the intent to follow the ABA standards then presumptively known to it. The legislature, just as did the ABA, used the word "shall" in giving the accused the right to a severance. We have no ambiguity; instead, we have a command by the law-making body which we must enforce.

In *Brinkley v. State*, 167 Tex.Cr.R. 472, 320 S.W.2d 855, 856 (1958), this Court wrote:

" 'Must' and 'shall' are synonymous and are usually mandatory when used in statutes."

█ We hold, therefore, that Sec. 3.04(a) is mandatory and that the trial court erred in failing to grant the appellant's motion for severance.

Because of the possibility of another trial, we deem it appropriate to express our views upon two other facets of the law which may be raised upon such trial.

Appellant's complaint of the admission of evidence of extraneous offenses; i. e., proof of the details of the other offenses set forth in the several counts, is without merit. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App. 1972).

█ Under our holding in *Carvajal v. State*, 529 S.W.2d 517, 521 (Tex.Cr.App. 1975), the same two prior convictions may not be used to enhance the punishment more than once.

The judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.

---

1. Professor Charles Alan Wright in 1 Federal Practice and Procedure, § 143, p. 318, fn. 47 (1969), speaking to the question says: "The ABA Project has proposed an ingenious solution. It would allow joinder of 'similar character' offenses at the pleading stage but give defendant a severance, on application, *as a matter of right*." (emphasis supplied)