**Gregory Joe OVERTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53680.**

Court of Criminal Appeals of Texas.

June 29, 1977.

Henry E. Doyle, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Allen D. McAshan, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated robbery. The record reflects that appellant was tried upon a single indictment containing two counts of aggravated robbery. He was charged with robbing Ralph Myles at the United Food Store at 5110 Almeda in Houston on December 18, 1974, and January 27, 1975. The jury acquitted appellant of the December 18 robbery but found him guilty of the January 27 offense. The court assessed punishment at eight years.

In separate grounds of error, appellant contends that the trial court erred in overruling his motion to quash the indictment and his motion to require the State to elect on which count he was to be tried.

The motion to quash complained that by trying the offenses jointly appellant could not properly prepare his defense because the offenses occurred on different dates, under different circumstances, with different accomplices. The motion further alleged that appellant would be prejudiced because a jury would imply that he was a "career robber" when in fact he had never been convicted of a felony before. The motion to elect requested the trial court to require the State to elect which offense it would try first so that appellant could prepare his defense accordingly.

Article 21.24, V.A.C.C.P., provides that two or more offenses may be charged in a single indictment, each in a separate count, if the offenses arise out of the same criminal episode. See also V.T.C.A., Penal Code, Sec. 3.02. "Criminal episode" is defined in V.T.C.A., Penal Code, Sec. 3.01, as the repeated commission of any one offense defined in Title 7 of the Penal Code.

 However, V.T.C.A., Penal Code, Sec. 3.04, mandates that an accused has the right to a severance of such joined offenses.[1] See *Waythe v. State*, Tex.Cr. App., 533 S.W.2d 802. When a request is made to sever, the trial court must grant the request, and failure to do so results in reversible error. See *Waythe v. State, supra.*

 In the instant case, the motions filed by appellant timely apprised the trial court that appellant did not desire to have the offenses joined in a common trial. We find that the motions clearly amounted to a request for severance under Section 3.04, supra, and that the court erred in failing to grant the request. See *Waythe v. State, supra.*

The judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.

---

1. V.T.C.A., Penal Code, Sec. 3.04, provides in pertinent part:

   "(a) Whenever two or more offenses have been consolidated or joined for trial under Section 3.02 of this Code, the defendant shall have a right to a severance of the offenses."