Edward LEIJA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00293–CR.

Court of Appeals of Texas, San Antonio.

Sept. 30, 1987.

---

Phillip R. Spicer, Jr., San Antonio, for appellant.

Sean K. Proctor, Asst. Dist. Atty., Seguin, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant, Edward Leija, was convicted by a jury of the offense of aggravated possession of methamphetamine. The jury assessed punishment at twenty-five years of confinement and a five thousand dollar fine.

Appellant's sole point of error challenges the sufficiency of the evidence to support his conviction. His contention is that the State failed to affirmatively link the appellant to the contraband.

The record reflects that a search warrant identifying three men, none of which were appellant, was issued for the search of a place called the Blue Sky Ranch. On October 21, 1985 at approximately 6:30 p.m., eleven law enforcement officers executed the search warrant. Upon entering a house located on the ranch, the officers found appellant, Russell Knox, and a woman in the dwelling. Appellant was found alone in a bedroom. He was sitting in a chair watching television and eating. His shoes were off and his wallet and other personal belongings were beside him.

A coffee can with a lid on it, containing four small plastic bags of a substance later identified as methamphetamine, was found behind a chair five feet from appellant. Also found in the bedroom in plain view were twelve grams of marijuana and a number of syringes. A spoon with a residue suspected to be methamphetamine, a pill bottle with some valium and tylenol, $500.00 in cash, and three other unknown capsules were found elsewhere in the house. The distinct odor of methamphetamine was present throughout the premises.

During the search, Fred Saldivar, one of the persons identified in the search warrant, and another woman drove up to the house. They fled the scene, but were apprehended and returned to the location. Appellant, along with Russell Knox and Fred Saldivar, were arrested.

Subsequent to being given his Miranda warnings, appellant made a statement to one of the officers conducting the search. He told the officer that all the "stuff" that was in that bedroom was his.

In order to establish the unlawful possession of a controlled substance, the state must prove two elements beyond a reasonable doubt: 1) that the accused exercised actual care, custody, control or management over the contraband and 2) that the accused knew that the substance was contraband. *Dickey v. State*, 693 S.W.2d 386, 389 (Tex.Crim.App.1984) (en banc). In reviewing the sufficiency of the evidence, the standard developed is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found those two elements beyond a reasonable doubt. *McGoldrick v. State*, 682 S.W.2d 573, 577 (Tex.Crim.App.1985) (en banc). The test in both direct and circumstantial evidence cases is the same. *Dickey v. State*, 693 S.W.2d 386.

When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there exists additional independent facts and circumstances which affirmatively link the accused to the contraband. *Pollan v. State*, 612 S.W.2d 594 (Tex.Crim.App.1981). The record in this case clearly indicates that appellant was not in exclusive possession of the premises where the substance was found. However, we hold that the facts

and circumstances as shown by the record before us are adequate to affirmatively link appellant to the contraband. *See, Norman v. State,* 588 S.W.2d 340 (Tex.Crim. App.1979).

Most damaging to appellant's case is appellant's own statement that all of the "stuff" in the bedroom was his. The "stuff" found in the bedroom included the illegal controlled substance. Appellant admitted to making this statement, but testified he did so only because he had not seen the evidence collected and did not know that he was admitting to possession of methamphetamine. Instead, he testified he was admitting to possession of marijuana in order to protect the females present at the arrest.

The jury, as trier of facts, is the sole judge of credibility of witnesses and the weight to be given their testimony and may accept or reject all or any part of any witness' testimony. *Hernandez v. State,* 538 S.W.2d 127 (Tex.Crim.App.1976). The jury obviously rejected appellant's testimony concerning lack of knowledge of the methamphetamine and there is sufficient evidence in the record to support the reasonable inference that appellant did have knowledge.

In addition to the appellant's admission that the "stuff" in the bedroom was his, the record discloses the following corroborating evidence which tends to affirmatively link appellant to the contraband:

1) that appellant was very much "at home" in the bedroom containing the contraband, with his shoes off, eating, and watching T.V.;

2) that the contraband was conveniently accessible to appellant in the same room. *Hahn v. State,* 502 S.W.2d 724 (Tex.Crim. App.1973);

3) that the suspected methamphetamine paraphernalia was present and in plain view. *Herrera v. State,* 561 S.W.2d 175 (Tex.Crim.App.1978) (en banc);

4) that the odor of methamphetamine was ascertained in the house. *Duff v. State,* 546 S.W.2d 283 (Tex.Crim.App.1977); and

5) that appellant admitted he was "staying" in the bedroom with the contraband, and referred to the room as "my room" at the scene of the incident.

We hold that the cumulative effect of appellant's statement and other evidence adduced at trial are sufficient to support the conviction.

The judgment is affirmed.