**James BEEBE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1113–88.**

Court of Criminal Appeals of Texas,
En Banc.

June 26, 1991.

Hugh J. Plummer, Houston, for appellant.

George J. Filley, III, Dist. Atty., and Laura A. Weiser, Asst. Dist. Atty., Victoria, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of the misdemeanor offense of terroristic threat. Tex.Penal Code, § 22.07(a)(2). The jury as-

sessed punishment at 180 days confinement, probated, and a $1,000 fine. The Corpus Christi Court of Appeals reversed the judgment of the trial court and remanded for a new trial. *Beebe v. State*, 756 S.W.2d 759 (Tex.App.—Corpus Christi 1988). We granted the State's petition for discretionary review, pursuant to Tex. R.App.P. 200(c)(2) and (c)(3), to determine whether: (1) the Court of Appeals erred in holding that the trial court's denial of appellant's request for an additional ten days to prepare for trial, pursuant to Tex.Crim. Proc.Code art. 28.10, was not subject to a harmless error analysis; (2) the Court of Appeals erred in holding that the "ten days" rule of art. 28.10 cannot be waived; and (3) the Court of Appeals erred in finding that appellant preserved error. We will affirm.

In its third ground for review, the State asserts that the appellant failed to preserve error because he did not obtain an adverse ruling from the trial court on his request for additional time. We disagree.

On March 2, 1987, the trial court held a pretrial hearing on appellant's motion to quash. The court denied appellant's motion, and allowed the State to amend the information to include the manner and means of the assault under § 22.07(a)(2). Appellant's counsel then attempted to request additional time to prepare for trial:

MR. PLUMMER: Now that we have—I suppose now amend this and we would be entitled at this time, Judge, to more time to prepare ourself for trial. You have two already ahead of me in the morning, I take it, from the docket call.

THE COURT: *We got six cases to try in the morning, gentlemen, and you know that as well as I know it. We're going to run three courts tomorrow and we are going to dispose of these cases if at all humanly possible.* (emphasis added)

■ Appellant, perhaps inartfully, did make a request for additional time, and the trial court ruled adversely on appellant's request by stating that the court would attempt to dispose of all pending cases if "humanly possible" in the morning. *See Evans v. State*, 622 S.W.2d 866 (Tex.Cr.

App.1981) (absent an adverse ruling nothing is preserved for review); Tex.R.App. Pro. 52. We find that the trial court's response to appellant's request was sufficient to meet the requirements of Tex. R.App.P. 52. The State's third ground for review is overruled.

■ In its first ground for review, the State contends the Court of Appeals erred in holding that the trial court's denial of appellant's request for an additional ten days to prepare for trial, pursuant to art. 28.10, is not subject to a harmless error analysis under Tex.R.App.P. 81(b)(2).

The Court of Appeals primarily relied on decisions of this Court interpreting similar provisions. *See Peters v. State,* 575 S.W.2d 560, 561 (Tex.Cr.App.1979); *Johnson v. State,* 567 S.W.2d 214, 216 (Tex.Cr. App.1978).

In *Sodipo v. State,* No. 1390–88 (Tex.Cr. App. Sept. 12, 1990) this Court found that art. 28.10(a) was "mandatory in nature," and that the trial court had erred when it denied Sodipo's request for additional time after the State was allowed to amend the indictment on the day of trial. We further concluded that the provision in art. 28.10(a) giving the defendant ten days to prepare for trial after the State amends an indictment "cannot be subjected to a harm analysis in any meaningful manner, because the record will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error." *Sodipo, supra* slip op. at 5. In the instant case, appellant was tried eight days after the State was allowed to amend the indictment. Following the holding in *Sodipo,* we find that the Court of Appeals was correct in not subjecting this error to a harm analysis. The State's first ground for review is overruled.

■ In its second ground for review, the State contends that the Court of Appeals erred in holding that art. 28.10 cannot be waived. The State argues that appellant waived his right to ten days preparation for trial by failing to ask for ten days; by failing to object to the trial court's alleged denial; and by announcing ready for trial.

As discussed above, we find that appellant's trial attorney did request additional time under art. 28.10 after the State was allowed to amend, and the trial court ruled adversely to appellant's request. The remaining question is whether appellant waived his right to ten days by announcing ready for trial.

Art. 28.10 is "essentially prophylactic in nature and does not allow the trial court any discretion when properly invoked." *Sodipo, supra* slip op. at 4. When a defendant properly requests the ten days additional time to prepare for trial, the trial court is required to grant the additional time mandated by the statute. A failure by the trial court to comply with a mandatory statute is reversible error. *See e.g., Peters v. State,* 575 S.W.2d 560, 561 (Tex. Cr.App.1979) (interpreting Tex.Crim.Proc. Code art. 26.04); *Johnson v. State,* 567 S.W.2d 214, 216 (Tex.Cr.App.1978) (interpreting Tex.Crim.Proc.Code art. 27.11). We find it unlikely that appellant's counsel would consider that his announcement of ready was a waiver of his request for additional time, when his request had already been improperly denied. Furthermore, in its brief on the merits, the State presents no argument or authorities to explain why appellant's announcement of ready at trial constituted a waiver of his right to the ten days additional time guaranteed him under art. 28.10(a). We find that no waiver occurred when appellant was compelled to go to trial eight days after the State was allowed to amend the indictment.

The judgment of the Court of Appeals is affirmed.

MILLER, J., dissents to the disposition of ground for review number three only.

BENAVIDES, J., not participating.