**John P. WARMOWSKI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–90–00596–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 9, 1991.

Discretionary Review Granted
Jan. 8, 1992.

William J. Salyer, San Antonio, for appellant.

Steven C. Hilbig, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before CHAPA, PEEPLES and GARCIA, JJ.

## OPINION

CHAPA, Justice.

Upon the State's Petition for Discretionary Review, the opinion of this court dated August 30, 1991 is withdrawn, and the following opinion is substituted therefore.

Appellant was indicted in Cause No. 89–CR–0833C for possession of methamphetamine under 28 grams, and in Cause No. 89–CR–0834C for possession of cocaine under 28 grams. The two causes were consolidated, and appellant was put to trial on both causes and in the same proceeding, before the same jury. Prior to trial, pursuant to TEX.PENAL CODE ANN. § 3.04(a) (Vernon 1974), appellant moved for severance of the two causes, and the motion was denied. The jury returned a guilty verdict on both causes and appellant was sentenced to ten years' confinement, probated, and a fine of $500 in each cause. Later, the court granted a motion for arrest of judgment as to the cocaine conviction. Appellant appeals his conviction for the methamphetamine offense. We reverse.

The dispositive issue is whether the trial court committed reversible error in denying appellant's motion to sever under § 3.04(a). However, we are also required to address appellant's challenge to the sufficiency of the evidence.

On January 3, 1989, officers executed a search warrant at a residence where appellant was found with two other males. All

three men were within reach of narcotics and drug paraphernalia, such as vials, syringes, scales, and a snorting mirror. When the officers entered the residence, appellant tried to throw away a razor with white powder on it. The smell of methamphetamine pervaded the room. Appellant was arrested and charged with possession of methamphetamine and cocaine.

■ To prove unlawful possession of a controlled substance, the state must show (1) that the defendant exercised care, control, and management over the substance, and (2) that he knew that what he possessed was contraband. *Humason v. State*, 728 S.W.2d 363, 364–65 (Tex.Crim. App.1987); *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App.1985). These elements may be proved by circumstantial evidence. *McGoldrick*, 682 S.W.2d at 578; *Sewell v. State*, 578 S.W.2d 131, 135 (Tex.Crim.App.1979). It is not sufficient to show that the defendant was merely present in the vicinity of a controlled substance. *Humason*, 728 S.W.2d at 365. The State must also provide evidence of affirmative links between the defendant and the substance. *Id.* at 365–66.

■ A defendant's possession need not be exclusive. *McGoldrick*, 682 S.W.2d at 578; *Sewell*, 578 S.W.2d at 135. It is sufficient to prove that he jointly possessed the substance with others. *Id.* When the defendant is not in exclusive possession of the place where the contraband is found, it is necessary to prove "additional independent facts and circumstances which affirmatively link the accused to the contraband." *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App.1981).

■ In reviewing the sufficiency of the evidence, we must determine whether, considering the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

■ Applying these principles, we find the evidence sufficient to support the conviction. The drugs were in plain view and appellant was near them. *See Guiton v. State*, 742 S.W.2d 5, 8 (Tex.Crim.App.1987); *Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim.App.1981); *Hughes v. State*, 612 S.W.2d 581, 582 (Tex.Crim.App.1981). Also nearby, in plain view, were items commonly used to ingest and package drugs. Officers testified that the kind of scales present are commonly used to measure and weigh drugs, the mirror was like those used to snort cocaine through the nose, and there were straws, spoons, syringes, and vials present. *See Chavez v. State*, 769 S.W.2d 284, 289 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); *Leija v. State*, 738 S.W.2d 749, 751 (Tex.App.—San Antonio 1987, no pet.); *Curren v. State*, 656 S.W.2d 124, 131 (Tex.App.—San Antonio 1983, no pet.). The odor of methamphetamine—one officer testified that the room "reeked"—is also an affirmative link that tends to show knowing possession of the drugs present. *See Duff v. State*, 546 S.W.2d 283, 287–88 (Tex.Crim.App.1977); *Chavez*, 769 S.W.2d at 289; *Leija*, 738 S.W.2d at 751. One additional link was appellant's furtive attempt to discard the razor, which the officers said is commonly used to package drugs. *See Pollan*, 612 S.W.2d at 596; *Chavez*, 769 S.W.2d at 288; *Earvin v. State*, 632 S.W.2d 920, 924, n. 5 (Tex. App.—Dallas 1982, pet. ref'd). The evidence is sufficient to sustain the conviction.

We now address the dispositive issue of whether the trial court committed reversible error by denying appellant's timely motion for severance. TEX.R.APP.P. 90.

The State and the dissent concede that under the provisions of TEX.PENAL CODE ANN. § 3.04(a) (Vernon 1974), the trial court erred in denying appellant's motion to sever, but insist that the court's error is subject to the harm analysis of TEX.R.APP.P. 81(b)(2). The State and dissent further insist that even if the court had granted the severance, because of the "res gestae" principal of law, evidence of each of the two offenses was nevertheless admissible at the trial of either offense; therefore, this is sufficient showing, be-

yond a reasonable doubt, that the error was harmless. We disagree.

To sustain their contention, the State and dissent misplace their reliance on *Ponder v. State,* 745 S.W.2d 372 (Tex.Crim.App.1988). *Ponder,* is clearly distinguishable in that it involves the application of art. 21.24, which no one even suggests is "mandatory," but rather is a permissive statute providing that "[t]wo or more offenses *may* be joined in a single indictment ... if the offenses arise out of the same criminal episode...." *Ponder,* 745 S.W.2d at 374; TEX.CODE CRIM.PROC.ANN. art. 21.24 (Vernon 1989) (emphasis added). Unlike § 3.04(a), which is involved in the case before us, art. 21.24 is not "mandatory," and does not contain an unambiguous, legislative mandate which grants an accused a distinct basic and fundamental right. Therefore, *Ponder* is not controlling here.

While it has not yet been determined that "all 'mandatory' statutes are immune to harmless error analysis," those that "cannot be subjected to a harm analysis in any meaningful manner, because the record will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error," will require automatic reversal. *Sodipo v. State,* 815 S.W.2d 551, 554 (Tex.Crim.App. 1990); *see also Beebe v. State,* 811 S.W.2d 604, 605 (Tex.Crim.App.1991). The court in *Sodipo* further noted that:

[T]he distinctive characteristic of these violations [which require automatic reversal] is that it is extremely difficult to know whether they might have affected the outcome, or the likelihood that they have influenced the outcome is so strong that it is not worth expending the judicial resources necessary to evaluate the effect of the error in particular cases....

*Sodipo,* at 554–555.

In *Sodipo* and *Beebe,* the Texas Court of Criminal Appeals held that the provisions of TEX.CODE CRIM.PROC.ANN. art. 28.-10(a) (Vernon 1989) are mandatory; that the denial by the trial court of appellant's requested additional ten days pursuant to art. 28.10(a) and upon permitting the State to amend the indictment, constituted error;

and, that the error required automatic reversal without a harmless analysis under TEX.R.APP.P. 81(b)(2). *Beebe,* at 605; *Sodipo,* at 554. Art. 28.10(a) provides:

After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court *shall* allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

TEX.CODE CRIM.PROC.ANN. art. 28.-10(a) (Vernon 1989) (emphasis added).

In *Waythe v. State,* 533 S.W.2d 802, 804 (Tex.Crim.App.1976), the Texas Court of Criminal Appeals held "that Sec. 3.04(a) [V.T.C.A., Penal Code] is mandatory and that the trial court erred in failing to grant the appellant's motion for severance"; and "[t]he judgment of the trial court is reversed and the cause is remanded." Additionally, the court stated:

Plainly, the section [Sec. 3.04(a)] now under consideration was adopted by our legislature with the intent to follow the ABA standards then presumptively known to it. The legislature, just as did the ABA, used the word "shall" in giving the accused the right to a severance. *We have no ambiguity; instead, we have a command by the law-making body which we must enforce.* (Emphasis added).

In *Brinkley v. State,* 167 Tex.Cr.R. 472, 320 S.W.2d 855, 856 (1958), the Court stated: " 'Must' and 'shall' are synonymous and are usually mandatory when used in statutes."

*Id.*

In *Overton v. State,* 552 S.W.2d 849 (Tex.Crim.App.1977), the court made the following statement in a similar case:

However, V.T.C.A., Penal Code, Sec. 3.04, mandates that an accused has the right to a severance of such joined offenses.... *See Waythe v. State,* Tex.Cr. App., 533 S.W.2d 802. When a request is made to sever, the trial court *must* grant

the request, and failure to do so results in *reversible error....*

*Id.* at 850 (emphasis added) (footnote omitted containing language of § 3.04).

In *Wedlow v. State,* 807 S.W.2d 847 (Tex. App.—Dallas 1991, pet. ref'd)[1], a case almost identical to the case before this court, the appellate court held that although the severance provisions of § 3.04(a) were not triggered "because the indictments [there] were not 'consolidated or joined for trial under Section 3.02 of this code,' " the appellant was nevertheless entitled to a severance, and a denial of such a request was reversible error not subject to the harmless analysis of TEX.R.APP.P. 81(b)(2). *Wedlow,* 807 S.W.2d at 851.

The court stated:

There is no concrete data from which we can meaningfully gauge or quantify the effect of the error. We have no way of determining whether the error was harmless. The impact of two indictments, two complainants and two verdicts upon the jury is unquantifiable. To many jurors, two complainants are more believable than one. The jury may have believed that if appellant committed one of the offenses, he must have committed the other. We conclude that the trial court's failure to grant appellant's timely motion for severance constitutes error of a type which is not subject to a harm analysis.

*Id.* at 852.

Further, in the alternative, the *Wedlow* court dismissed the same argument the State makes before this court, concluding that:

[E]ven if the State is correct and the evidence of each offense would be admitted at the trial of the other offense, nonetheless, the error tainted the 'integrity of the process' by forcing appellant

to defend himself against two charges at the same time before the same jury. We have attempted to examine the record to uncover the damaging impact of the error and we cannot conclude beyond a reasonable doubt that the error in this case made no contribution to appellant's conviction.

*Id.*

 Here, we have the application of § 3.04(a) which provides that "[w]henever two or more offenses have been consolidated or joined for trial under Section 3.02 of this code, the defendant *shall have a right* to a severance of the offenses." TEX.PENAL CODE ANN. § 3.04(a) (Vernon 1974) (emphasis added). Clearly, § 3.04(a) is a "mandatory" statute, created as "a command by the law-making body which we must enforce," which unambiguously grants the appellant a distinct basic and fundamental "right." *Waythe,* 533 S.W.2d at 804; TEX.PENAL CODE ANN. § 3.04(a) (Vernon 1974). We find no difference between the nature of the unambiguous basic and fundamental "right," mandated by the legislature to the accused under § 3.04(a) and, the unambiguous basic and fundamental "right," mandated by the legislature to the accused under art. 28.-10(a), which is clearly immune from the harmless error rule. *Beebe,* at 605; *Sodipo,* at 554; TEX.R.APP.P. 81(b)(2). As in *Sodipo* and *Beebe,* the violated mandatory right of appellant here "cannot be subjected to a harm analysis in any meaningful manner, because the record will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error" and, "it is extremely difficult to know whether [the violation] might have affected the outcome, or the likelihood that [the violation has] influenced the outcome is so strong that it is not

---

1. The two grounds advanced by the State for review and refused by the Court of Criminal Appeals were:

 1. Did the Court of Appeals correctly apply this court's holding in *Sodipo v. State* (that violation of certain mandatory statutes are not subject to harmless error analysis pursuant to TEX.R.APP.P. 81(b)(2)) to the instant case with regard to appellant's pretrial request for separate trials even though appellant was charged by separate indictments for two offenses the Court of Appeals agreed were res gestae of each other?

 2. With regard to the Court of Appeals' alternative holding, did the Court of Appeals err in holding that if TEX.R.APP.P. 81(b)(2) harmless error analysis was applied to the instant case that it could not say that appellant was not harmed?

worth expending the judicial resources necessary to evaluate the effect of the error in [this case]." *Sodipo*, at 554–555.

Further, to hold that violated "mandatory" rights such as these are subject to a harmless analysis before requiring reversal, "would encourage the State to repeat [the violation] with impunity," by improperly joining a weak case to a strong case, hoping that the strength of one will support the weakness of the other. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App. 1989). We hold that the error here is reversible without the harmless analysis of TEX.R.APP.P. 81(b)(2).

The judgment is reversed, and the cause is remanded.

PEEPLES, Justice, dissenting.

I would hold that the harmless-error rule applies and that the court's erroneous failure to sever the two drug cases was harmless beyond a reasonable doubt.

The State concedes that the court should have severed the two cases. Under §§ 3.01 and 3.02 of the penal code, the methamphetamine and cocaine offenses were parts of the same criminal episode and could be consolidated. But even though the two offenses were properly consolidated, § 3.04 gave appellant the right to have them severed. No one defends the failure to follow the mandatory statute.

The real question is whether this error requires automatic reversal without even considering whether it could possibly have harmed appellant. In my view, TEX. R.APP.P. 81(b)(2) requires a harmless-error analysis. The majority follows *Wedlow v. State*, 807 S.W.2d 847 (Tex.App.—Dallas 1991), *pet. ref'd per curiam*, 814 S.W.2d 750 (Tex.Crim.App.1991),[1] which held that failure to grant a motion to sever is reversible error per se. *Id.* at 851–52. I disagree with that holding. In *Wedlow* the trial court consolidated and tried together two offenses that happened at completely different times and places. The aggravated robbery occurred at 4:00 a.m. at an apartment complex; the burglary of a habitation

occurred at 6:45 a.m. at a house near a trucking company. The court of appeals held that harmless-error analysis does not apply to cases that should have been severed. Nevertheless, the court stressed that Wedlow had to defend against two separate and distinct crimes involving two different complainants: "To many jurors, two complainants are more believable than one." *Id.* at 852. The court said that the allegation of two distinct and different crimes instead of one might vary the defense entirely, from jury selection to summation, and that the failure to sever therefore tainted the whole process. *See Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim. App.1989) (harmless-error review should focus on the integrity of the process, not the correctness of the outcome).

The *Wedlow* court held in the alternative that the error was harmful under TEX. R.APP.P. 81(b)(2).

Perhaps the process in that case *was* tainted because appellant had to defend against two completely different charges brought by two different complainants. But if harmless-error analysis is impossible, as the *Wedlow* court held, it makes more sense to say that the record does not establish that the error was harmless beyond a reasonable doubt, as rule 81(b)(2) requires, than to say that harmless-error analysis is inappropriate altogether.

Here, in contrast to *Wedlow*, the facts of the two offenses were identical: appellant was charged with possession of the two substances in plain view at the same instant in time, one of which happened to be methamphetamine and the other, cocaine. That is totally different from trying two crimes against different complainants committed at different times in different places.

I would decline to follow *Wedlow* for another reason: it did not cite or discuss the controlling authority in this area, *Ponder v. State*, 745 S.W.2d 372 (Tex.Crim. App.1988), which is very much on point. In *Ponder* the court held that improper join-

---

1. The per curiam opinion says that the court's denial of review "does not constitute endorse-
ment or adoption of the reasoning employed by the Court of Appeals."

der of aggravated sexual assault and aggravated robbery charges—which took place three hours apart—was harmless error. The court held first that such error was not automatically reversible error and that harmless-error analysis applied. *Id.* at 373–74. The court then observed that appellant was not subjected to multiple convictions and that "the evidence of both offenses was admissible since the offenses occurred in the same continuing course of criminal behavior, to-wit: a single criminal transaction." *Id.* at 374. *Wedlow* cannot be fairly reconciled with *Ponder.* Contrary to the majority's suggestion, the mandatory or discretionary nature of the rule violated has nothing to do with whether its violation harmed a defendant.

It is true that some mandatory procedural rules "cannot be subjected to a harm analysis in any meaningful manner, because the record will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error." *Sodipo v. State,* 815 S.W.2d 551, 554 (Tex.Crim.App.1990) (denial of ten-day continuance in violation of TEX.CODE CRIM.PROC.ANN. art. 28.-10(a)) (quoting *Roberts v. State,* 784 S.W.2d 430 (Tex.Crim.App.1990)).[2] *See also Smith v. State,* 648 S.W.2d 695 (Tex.Crim.App. 1983) (denial of right to jury shuffle, granted by article 35.11). But the violation of another mandatory provision was subjected to ordinary harmless-error analysis. *See Roberts v. State,* 784 S.W.2d 430, 435–38 (Tex.Crim.App.1990) (severance granted but agreed order of trial denied in violation of article 36.10). The court has said recently that it has not yet decided whether all mandatory statutes are immune from harmless-error analysis. *See Sodipo,* at

554; opinion of *Roberts v. State,* 784 S.W.2d at 435.

The majority cites *Overton v. State,* 552 S.W.2d 849 (Tex.Crim.App.1977), and *Waythe v. State,* 533 S.W.2d 802 (Tex. Crim.App.1976), for the notion that failure to sever upon request is reversible error per se. But those cases were decided before TEX.R.APP.P. 81(b)(2) was adopted in 1986. And *Overton* involved one trial of two aggravated robberies, which apparently occurred "on different dates, under different circumstances, with different accomplices." 552 S.W.2d at 849. *Waythe* involved four separate forgeries. Those situations are a far cry from the case before us—one transaction in which two different drugs were possessed.

The record shows beyond a reasonable doubt that appellant was not harmed by the consolidation of the cocaine and methamphetamine cases. If the two cases had been tried separately, evidence of the cocaine would have been admissible in the methamphetamine trial as res gestae to show the context of the offense. *See Rogers v. State,* 774 S.W.2d 247, 257 (Tex.Crim. App.), *cert. denied,* 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989); *Ponder v. State,* 745 S.W.2d 372, 374 (Tex.Crim.App. 1988); *Sifford v. State,* 741 S.W.2d 440, 441 (Tex.Crim.App.1987); *Moreno v. State,* 721 S.W.2d 295, 301 (Tex.Crim.App.1986); *Mann v. State,* 718 S.W.2d 741, 743–44 (Tex.Crim.App.1986), *cert. denied,* 481 U.S. 1007, 107 S.Ct. 1633, 95 L.Ed.2d 206 (1987); *Hoffert v. State,* 623 S.W.2d 141, 143–45 (Tex.Crim.App.1981). The cocaine charge did not add one witness to the trial of this case, nor one bit of extra evidence about the crime scene or anything else. Of course, appellant was not punished for the

---

**2.** The *Sodipo* court stated on rehearing that the discussion of art. 28.10(a) in its original opinion was improvident because the appellant was not entitled to a ten-day continuance inasmuch as the State was not entitled to amend the indictment. The court held that "in order to give effect to the full meaning and intent of Article 28.10, which is written with clarity and is not ambiguous, the error [in allowing the State to amend the indictment over the defendant's objection on the day of trial but before trial commenced] should not be subjected to a harm

analysis." *Id.* at 556, (opinion on rehearing delivered June 12, 1991). I do not read this language to mean that the court has decided to reverse, without regard to harmfulness, whenever a mandatory statute is violated. Two weeks later, in *Beebe v. State,* 811 S.W.2d 604, 605 (Tex.Crim.App.1991), the court quoted with approval the statement in its original *Sodipo* opinion, quoted in the text, which suggests that the inquiry is whether the appellate record will permit a meaningful assessment of harm.

cocaine offense because the court granted his motion to arrest the cocaine judgment.

I would affirm.