# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-07-00088-CR

---

**XL Jefferson Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NO. D-1-DC-06-201567, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea bargain, XL Jefferson Jr. was convicted of possession of cocaine with intent to distribute. He was sentenced to five years in prison. With the permission of the trial court, he appeals contending that the trial court implicitly overruled his motion to suppress and erred by doing so. Concluding that he did not preserve error because the trial court did not implicitly rule on his motion, we affirm.

Jefferson sought to suppress evidence gathered in a search of his backpack. The search was conducted during an investigative detention pursuant to a traffic stop for not having a headlight or rear reflector on his bicycle. Jefferson contended that the search exceeded the scope allowed under *Terry v. Ohio*, 392 U.S. 1 (1968).

The hearing on the motion occurred on three separate days spread across almost seven weeks. On the last day, after three witnesses testified, the trial court excused the last witness and

stated, "If the attorneys would please take a break, and I'll make my ruling in a minute." The court went into recess. Upon returning, the trial court called this case and stated, "Court calls this case for a plea." The court swore in the defendant and proceeded to take his plea. The following exchange occurred:

> THE DEFENDANT: Well, I could have pursued this. I know you just wanted to fix it anyway, so I'm going to give it to them.
>
> THE COURT: What?
>
> THE DEFENDANT: I know you wanted a conviction anyway.
>
> THE COURT: I wouldn't get smart because you know what? He came down a lot just because I asked him to, but you could get—but you know what? There's a guy in Williamson County that just got 80 years for less than a gram of crack cocaine that had a record like yours, just because he had so many POCS's. Did you know that?
>
> THE DEFENDANT: I read about that one.
>
> THE COURT: So it can happen if they push it. And he was being nice, but I don't know when it's going to get to you. How old are you?
>
> THE DEFENDANT: Forty-four.
>
> THE COURT: When are you going to stop? When are you going to stop all this? I'm just curious.
>
> THE DEFENDANT: Well, I guess it just ended.
>
> THE COURT: I hope so. I don't think so, though, with your attitude. If you want to fight it, we can take it to trial.
>
> THE DEFENDANT: I don't want to fight it.
>
> THE COURT: Do you understand they are giving you a good deal in this case?
>
> THE DEFENDANT: I understand what they are doing.

2

THE COURT:  Can you say thank you?

THE DEFENDANT:  Thank you for five years?

THE COURT:  Uh-huh.  He could take it to trial, Mr. Jefferson.  He believes he has a good case.

THE DEFENDANT:  I believe I had a good case, too.

THE COURT:  Well, I was about to rule in their favor after the evidence was put on today.

THE DEFENDANT:  Well, if you did rule in their favor—

[DEFENSE ATTORNEY]:  Say thank you, okay?

THE DEFENDANT:  Thank you, ma'am.

The plea proceeding then continued.  Jefferson pleaded guilty and was sentenced to five years in prison pursuant to the plea agreement.  Jefferson does not contend and the record does not reflect that the trial court ever made any express ruling, oral or written, on the motion to suppress.

Jefferson contends, however, that his right to appeal his conviction was preserved by an implicit overruling of the motion to suppress.  *See* Tex. R. App. P. 33.1(a)(2)(A).  A court's ruling need not be express if its actions or other statements unquestionably indicate a ruling.  *Rey v. State*, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995).  Thompson cites as examples of implicit overruling cases in which a court granted the State's motion to shuffle the jury panel without ruling on the defendant's objection to a jury shuffle,[1] instructed a witness to answer a question over a defendant's objection,[2] stated that it would try to dispose of all pending cases that morning when the defendant

---

[1] *Chappell v. State*, 850 S.W.2d 508, 510 (Tex. Crim. App. 1993).

[2] *Ramirez v. State*, 815 S.W.2d 636, 650 (Tex. Crim. App. 1991).

had requested additional time,[3] and made findings of fact that an arrest was lawful, an inventory search was necessary, and the search revealed contraband without overruling the motion to suppress.[4] In each of these cases, the trial court took actions consistent with having overruled the motion without expressly doing so.

The record in this case, however, lacks the essential element of the court proceeding with its business as if it had overruled the motion to suppress. Even if, as Jefferson asserts, the court participated in the plea negotiation, the record does not indicate an implicit overruling of the motion to suppress. The closest the trial court came to stating a ruling was the comment that "I was *about to* rule in [the State's] favor." That expressly disavows any ruling having been made. The only action the court took after allegedly implicitly overruling the motion to suppress was taking the defendant's plea of guilty. That action is not indicative of a ruling. The trial court emphasized that the State was offering Jefferson a good deal and asserted that the prosecutor believed the State's case was strong. These statements are more consistent with a lack of a ruling—with the uncertainty causing the State to reduce the punishment offered—than with the motion having been implicitly overruled. The record reflects that Jefferson grudgingly decided to plead guilty without hearing the court's ruling. His expressed certainty that the court wanted a conviction does not demonstrate that the court implicitly ruled on his motion to suppress. When asked if he wanted to fight the charge, he said "I don't want to fight it." This statement preceded the trial court's statement that it was *about to* overrule the motion to suppress and, therefore, does not reveal that Jefferson's plea was

---

[3] *Beebe v. State*, 811 S.W.2d 604, 605 (Tex. Crim. App. 1991).

[4] *Moreno v. State*, 124 S.W.3d 339, 343 (Tex. App.—Corpus Christi 2003, no pet.).

influenced by that allegedly implicit overruling of the motion.  The court did not implicitly overrule the motion to suppress, nor did it refuse to rule.  Jefferson pleaded guilty before getting a ruling.  He did not preserve any error with regard to a ruling on the motion to suppress.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed:   August 15, 2008

Do Not Publish