**Drew Hart RICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–81–0382–CR, 01–81–0383–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 10, 1983.

Rehearing Denied Feb. 24, 1983.

Discretionary Review Refused
May 18, 1983.

Stanley Schneider, Houston, for appellant.

J. Sidney Crowley, Houston, for appellee.

Before EVANS, C.J., and COHEN and DOYLE, JJ.

## OPINION

COHEN, Justice.

This is an appeal from convictions for aggravated robbery (Cause No. 227,230) and attempted capital murder (Cause No. 227,-231). The court assessed punishment at 12½ years confinement on each case to be served concurrently, pursuant to a plea bargain agreement. These two cases are before the court simultaneously, pursuant to appellant's motion to consolidate the appeals on the basis that they present identical issues of fact and law.

The aggravated robbery case was tried to a jury and a mis-trial was granted on April 1, 1981, as a result of a hung jury at the guilt stage. Thereafter, on April 7, 1981, the State's motion to consolidate was granted, apparently ex parte, without notice to or presence of appellant's counsel. The State's motion requested consolidation in the trials of the aggravated robbery and attempted murder cases, pursuant to § 3.02(a) V.T.C.A., Penal Code.

On August 24, 1981, before entering his pleas of no contest to both cases, appellant made the following objection:

Your Honor, prior to Mr. Rice entering a plea, we would object to the consolidation of 277,230 and 277,231, as per Judge Kegan's order of April 7, 1981, in which she granted State's motion to consolidate those procedures as being a violation of his rights under double jeopardy.

The court overruled the objection and granted appellant permission to appeal on that point of law.

In his sole ground of error, appellant complains that the court erred in granting the State's motion to consolidate the two causes. Plainly, the court did err and the State was not entitled to the consolidation of the prosecutions under § 3.02(a) V.T.C.A., Penal Code or any other authority. Article 3.02(a) V.T.C.A., Penal Code provides, "A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." The term "criminal episode" is defined in § 3.01 V.T.C.A., Penal Code as "the repeated commission of any one offense defined in Title 7 of this code (Offenses against Property)."

Aggravated robbery and attemtped capital murder are not "one offense." Aggra-

vated robbery is defined in § 29.03 V.T. C.A., Penal Code, which is within Title 7. Capital murder is defined in § 19.03 V.T. C.A., Penal Code, which is within Title 5. The criminal attempt statute is found in § 15.01 V.T.C.A., Penal Code, which is within Title 4. Attempted capital murder is not an offense within Title 7 of the Penal Code. Consolidation of these two cases was not authorized by law. *Jordan v. State,* 552 S.W.2d 478 (Tex.Cr.App.1977); *Waythe v. State,* 533 S.W.2d 802 (Tex.Cr.App.1976).

The State argues that nothing is presented for review since trial counsel's objection, that consolidation was a violation of appellant's rights under "double jeopardy", is different from the ground of error on appeal, i.e., the consolidation violated § 3.02(a) V.T.C.A., Penal Code. The State cites four cases generally holding that the same objection must be made at trial and on appeal. However, none of these cases deals with the specific issue here, namely, the sufficiency of an objection to wrongful consolidation under § 3.02(a) V.T.C.A., Penal Code.

In *Overton v. State,* 552 S.W.2d 849, 850 (Tex.Cr.App.1977) the court reversed a conviction for aggravated robbery because of wrongful joinder under § 3.02(a) V.T.C.A., Penal Code. The court stated:

> In separate grounds of error, appellant contends that the trial court erred in overruling his motion to quash the indictment and his motion to require the State to elect on which count he was to be tried.
>
> The motion to quash complained that by trying the offenses jointly, appellant could not properly prepare his defense because the offenses occurred on different dates, under different circumstances, with different accomplices. The motion further alleged that appellant would be prejudiced because a jury would imply that he was a "career robbery" when in fact he had never been convicted of a

felony before. The motion to elect requested the trial court to require the State to elect which offense it would try first so that appellant could prepare his defense accordingly....

> When a request is made to sever, the trial court must grant the request, and failure to do so results in reversible error....

In the instant case, the motions filed by appellant timely apprised the trial court that the appellant did not desire to have the offenses joined in a common trial. We find that the motions clearly amounted to a request for severance under § 3.04, *supra,* and that the court erred in failing to grant the request.

We believe that appellant's objection was sufficient to apprise the trial court of the nature of his complaint. It states an objection to consolidation; it refers to the trial court's own order of April 7, 1981; the consolidation order bears cause numbers of both cases, 277,230 and 277,231, and the court is presumed to have judicial notice of its signed orders. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Cr.App.1977); Ray, *Law of Evidence,* § 185 (West 1980). The order contained, on the same page, the State's entire motion which made express reference to § 3.02(a) V.T.C.A., Penal Code. No express request for a severance was made. However, none was made in *Overton, supra.* We further note that there is only one remedy for an unlawful consolidation, namely, a severance.

In *Waythe v. State, supra,* at 804, the court, using extremely blunt and uncompromising language, held that the right to severance granted by § 3.04(a)[1] V.T.C.A., Penal Code was mandatory.

> The Legislature, just as did the ABA,[2] used the word "shall" in giving the accused a right to a severance. We have no ambiguity; instead, we have a command by the law-making body which we must enforce.

---

1. Whenever two or more offenses have been consolidated or joined for trial under § 3.02 V.T.C.A., Penal Code, the defendant shall have a right to a severance of the offenses.

2. American Bar Association, Standards for Criminal Justice.

In *Brinkley v. State,* [167 Tex.Cr.R. 472] 320 S.W.2d 855, 856 (1958), this court wrote: "Must and shall are synonymous and are usually mandatory when used in statutes."

We hold, therefore that § 3.04(a) is mandatory and that the trial court erred in failing to grant the appellant's motion for severance.

This mandatory statute[3] had been in effect in Texas since January 1, 1974, more than seven and one-half years, at the time of appellant's trial. The statute, appellant's objection, the motion and order of April 7, and the authority of *Waythe, Overton,* and *Jordan, supra,* were sufficient to apprise the trial court of the nature of appellant's complaint.

Appellant's ground of error number one is sustained. The judgments are reversed and the causes are remanded for new trial.

---

**3.** Although harm is not required when proper objection is made to a mandatory statute, we believe appellant was harmed. Six days before the cases were consolidated, he was tried on the aggravated robbery charge, resulting in a hung jury on guilt. The attempted capital murder case occurred at a different location and involved a different victim than the aggravated robbery case. This consolidation order wrongly permitting joint trial significantly increased the likelihood of conviction in the second trial and no doubt influenced appellant's decision to plead no contest.