Terrence James COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 1089–87.

Court of Criminal Appeals of Texas,
En Banc.

April 25, 1990.

Allen C. Isbell, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., and Mike Anderson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S AND APPEL-
LANT'S PETITIONS FOR
DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury upon a single indictment of two counts of aggravated robbery. See V.T.C.A., Penal Code Sec. 29.03. Appellant pled guilty to both counts, and the jury assessed punishment at five years in the Texas Department of Corrections [1] for each count. On direct appeal, the court of appeals affirmed appellant's conviction on the first count and reversed his conviction on the second count, ordered it severed from the first count, and remanded it to the trial court for further disposition. *Coleman v. State*, 735 S.W.2d 475 (Tex.App.—Houston [1st] 1987), motion for reh'g denied.

Petitions for discretionary review come to us from both appellant and the State. Both parties challenge the correctness of the court of appeals' holding that the trial court improperly denied appellant the right to have the offenses in each count severed pursuant to V.T.C.A., Penal Code, Secs.

1. The Texas Department of Corrections is now the Texas Department of Criminal Justice, Insti-
tutional Division.

3.01–3.04. Appellant, in his first ground for review, attacks the remedy of the court of appeals, i.e., reversal of only the second count since it should have been severed, and asserts that both convictions should have been reversed. The State, in its sole ground for review, asserts that the court of appeals erred in its holding because appellant's motion was a motion to elect, not a motion to sever, and therefore the trial court's ruling was proper. We granted review of both petitions and will address these contentions first. In addition, appellant raises five remaining grounds for review, all of which challenge the correctness of the court of appeals' holding concerning the constitutionality of the jury instruction pertaining to parole laws. We also granted review of these grounds.[2] We will vacate the judgment of the court of appeals and remand.

In order to address appellant's first and the State's only ground for review, a detailed recitation of the procedural posture of the case is helpful. In a single indictment, appellant was charged with two counts of aggravated robbery. The first count alleged that appellant committed aggravated robbery of Jesse Valdez. The second count alleged that appellant committed aggravated robbery of Lisa Valdez. Both counts were alleged to have been committed on or about August 14, 1985. The evidence indicated that both victims were robbed during the same raid on the Valdez apartment by appellant and some colleagues.

At trial, after the jury had been selected, impaneled, and sworn in, but outside their presence, appellant informed the trial judge that he wanted to enter a plea of guilty to one or both counts. There was no plea

bargain. The trial judge then admonished appellant of the consequences of such a plea, and appellant indicated that he understood. At that point, defense counsel made a verbal motion which the trial judge denied in the following colloquy:

> DEFENSE COUNSEL: I would like to present a motion, verbal motion, Your Honor, to force the State to elect between these two counts. We are going to plead guilty to Count No. I, therefore the second count, which arises out of the same transaction, is superfluous, and we would request the Court to instruct the State which count they wish to go on before the Court.
>
> THE COURT: Does the State want to respond?
>
> PROSECUTOR: I believe the case law is clear, that although this may have been the same transaction, any time more than one person is threatened with a firearm by a person in anticipation of taking the Complainant's property, then as many counts as there are people threatened can be filed and prosecuted, and we intend to follow through with that, because these are the circumstances we allege.
>
> DEFENSE COUNSEL: Your Honor, if I may respond to that very briefly. It's my position that an aggravated robbery as opposed to a crime of property is an assaultive crime, and therefore I request that the Court ask the State to elect which count they wish to go on. Thank you, sir.
>
> THE COURT: I am going to deny your request to require the State to abandon the second count. Is that the one you wanted them to abandon?

2. Specifically, appellant complains that the court of appeals erred in holding that the jury instruction based on V.A.C.C.P., Article 37.07, Section 4, given over timely objection: 1) did not constitute reversible error on the basis that the instruction violated the separation of powers required by the Texas Constitution and constituted a legislative encroachment upon judicial powers; 2) was not reversible error on the basis that it violated the separation of powers required by the Texas Constitution and constituted a legislative encroachment upon the clemency powers embodied in the parole system which

belongs to the executive branch of the government; 3) was not reversible error on the basis that the instruction is unconstitutional because it invites the jury to speculate on matters outside its task of deciding proper punishment; and 4) was not reversible on the basis that the instruction is unconstitutionally confusing and vague. Finally, appellant asserts that the conviction should be reversed "because V.A.C.C.P., Article 37.07, Section 4, upon which the Court [sic] based its instruction, is unconstitutional due to drafting defects which renders [sic] it hopelessly ambiguous."

DEFENSE COUNSEL: I am just asking the State to elect which count they wish to go on. It would be their choice, Your Honor.

THE COURT: I am not going to order them to abandon counts. If they want to proceed on both counts, we will proceed on both counts at this time.

DEFENSE COUNSEL: Thank you, Your Honor.

After this exchange, the State presented the indictment, including both counts, and appellant entered his pleas of guilty to both counts. The trial then proceeded on the issue of punishment only [3], and the jury returned separate verdicts of guilty for each count.

As stated earlier, appellant contends, and the court of appeals agreed, that the verbal motion was a motion to sever the two offenses into two separate trials. The State argues that it was a motion to force the State to elect one offense on which to proceed at that trial and abandon the other. Thus, the threshold issue is the nature of appellant's motion.

In *Fortune v. State*, 745 S.W.2d 364 (Tex.Cr.App.1988), we established that there are two basic rules governing the law of joinder of offenses in charging instruments:

(1) the State may allege more than one offense in a single charging instrument if the offenses constitute the repeated commission of the same property offense under Title 7 of the Penal Code; and (2) the State may not allege more than one non-property offense in a single charging instrument regardless of the number of the transactions involved.

*Fortune*, 745 S.W.2d at 366. See also *Holcomb v. State*, 745 S.W.2d 903, 905 (Tex.Cr.App.1988).

The first rule originated in Art. 21.24, V.A.C.C.P., which states:

Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

Criminal episode is defined in V.T.C.A., Penal Code, Sec. 3.01 [4] as "the repeated commission of any one offense defined in Title 7 of the code (Offenses Against Property)." Thus, these statutes permit the State to allege the repeated commission of the same property offense in a single charging instrument. *Fortune*, 745 S.W.2d at 366–367.

The Penal Code further states that "a defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." V.T.C.A., Penal Code Sec. 3.02(a). Again, "same criminal episode" refers to the repeated commission of any one property offense defined in Title 7 of the Penal Code. Sec. 3.01, *supra*. However, Section 3.04 of the Penal Code provides:

Whenever two or more [property] offenses have been consolidated or joined for trial under Section 3.02 of this code, the defendant shall have a right to severance of the offenses.

V.T.C.A., Penal Code, Sec. 3.04(a).

Thus, the first rule espoused in *Fortune* can be expanded as follows: a defendant charged with multiple property offenses in separate counts within a single indictment may be tried and convicted for each count in a single trial; however, he may timely request a severance so that he is tried for each count in a separate trial. Furthermore, we have held that if such a request is timely, the defendant's right to a severance is absolute, and severance is mandatory. *Waythe v. State*, 533 S.W.2d 802 (Tex.Cr.App.1976), reh'g denied; *Overton v. State*, 552 S.W.2d 849 (Tex.Cr.App. 1977).

**3.** Article 26.14, V.A.C.C.P. provides: "Where a defendant in a case of a felony persists in pleading guilty or entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to a trial by jury."

**4.** Since the time of this trial Sec. 3.01, *supra,* has been amended extensively. See Acts 1987, 70th Leg., ch. 387, eff. Sept. 1, 1987.

With regard to second rule in *Fortune*, we went on to say:

The second rule comes from a narrow reading of Art. 21.24, supra, and Penal Code, Sec. 3.01, supra. These statutes have been interpreted as permitting the joinder of more than one offense in a charging instrument *only* when it is the repeated commission of the same property offense. [Citation omitted.] This necessarily means that a single charging instrument may not:

1) allege more than one non-property offense;

2) allege statutorily different property offenses, or;

3) allege one property and one non-property offense.

   \*     \*     \*     \*     \*     \*

When the State violates the misjoinder rule by alleging different offenses in the same indictment, the defendant has three options. First, he may object to the charging instrument on the ground that the State has misjoined offenses. The trial court should then grant the motion to quash, or may, instead, force the State to elect the offense upon which it will proceed. *Smith v. State*, 64 Tex.Cr.R. 454, 142 S.W. 1173 (1912); *Blackwell v. State*, 51 Tex.Cr.R. 24, 100 S.W. 774 (1907). Another option is to forego the motion to quash and file a motion requesting that the State be made to elect the count upon which it will proceed. The trial court should grant the motion if the State has misjoined the offenses. *Crosslin v. State*, 90 Tex.Cr.R. 467, 235 S.W. 905 (1921). The State must make the election by the end of the State's case and before the defense begins to present evidence. *Crosslin*, supra; *Smith*, supra; *Blackwell*, supra. The third option is to make no motion to quash or objection and urge trial error on appeal.

*Fortune*, 745 S.W.2d at 367–368 (emphasis original). *See also Ex parte Siller*, 686 S.W.2d 617, 621 (Tex.Cr.App.1985) (Teague, J. concurring).

■ With these distinctions in mind, we now address the correctness of the court of appeals' holding with regard to the severance issue. In the present case, appellant was charged with two counts of aggravated robbery which is, by statute, a property crime under Title 7. See V.T.C.A., Penal Code Sec. 29.03. Consequently, the State was authorized to join the two offenses as separate counts within a single indictment. The State was further authorized to prosecute both offenses in a single trial, unless appellant made a timely motion to sever. The confusion in this case arises because appellant's motion was couched in terms of an "election" rather than a severance. The court of appeals determined that appellant's motion was a motion to sever, notwithstanding the language used by defense counsel, citing a court of appeals decision in *Rice v. State*, 646 S.W.2d 633 (Tex.App.—Houston [1st] 1983, pet. ref'd)[5] which was based on the rationale of our decision in *Overton*, 552 S.W.2d 849. In *Overton*, the defendant was also charged with two counts of aggravated robbery in a single indictment. We held that where the defendant filed motions that timely apprised the trial court that he did not desire to have the offenses prosecuted in a common trial, such a motion clearly "amounted to" a request for severance, notwithstanding that the defendant called his motion a "motion to elect," and never used the word "sever" or "severance". *Overton*, 552 S.W.2d at 850. On the basis of *Overton*, the court of appeals in the present case then held that appellant's motion similarly apprised the trial court that he did not want a single trial and therefore "amount-

5. In *Rice*, the defendant was charged with in two separate indictments with aggravated robbery and capital murder. The trial court granted, apparently ex parte, the State's motion to consolidate the trials for the two cases pursuant to V.T.C.A., Penal Code, Sec. 3.02(a). Before entering pleas at this consolidated trial, the defendant made a verbal objection to the consolidation on the grounds of double jeopardy. Al-

though the defendant never mentioned a severance, the court of appeals relied on *Overton*, 552 S.W.2d 849, to hold that the objection to the consolidation was sufficient to apprise the trial court that the defendant did not want a common trial. *Rice*, 646 S.W.2d at 635. However, the court of appeals further noted "that there is only one remedy for unlawful consolidation, namely, a severance." *Id.*

ed to" a request for severance. *Coleman*, 735 S.W.2d at 479. We see things differently.

Appellant's motion differs from the motion in *Overton* in several respects. The defendant in *Overton* filed his "motion to elect" along with a pre-trial motion to quash the indictment. We noted there:

> The motion to quash complained that by *trying* the offenses jointly appellant could not properly prepare his defense because the offenses occurred on different dates, under different circumstances, with different accomplices. The motion further alleged that appellant would be prejudiced because a jury would imply that he was a "career robber" when in fact he had never been convicted of a felony before. The *motion to elect* requested the trial court to require the State to *elect which offense it would try first* so that appellant could prepare his defense accordingly.

*Overton*, 552 S.W.2d at 849 (emphasis added).

In the present case, however, appellant never indicated that he desired *separate* trials. Defense counsel never asked the State to elect which count they would "try first" or used any language to that effect. Appellant's attorney expressly stated that it was his position that aggravated robbery was an assaultive crime, not a property crime, indicating a belief that the offenses were improperly joined and that an election of either one of the counts was necessary. Calling the second count "superfluous", the appellant's attorney continued to orally request an election. We perceive this to be a far cry, factually, from the scenario in *Overton*. This motion does not "clearly"

amount to a motion to sever under Sec. 3.04 as did the motion in *Overton*. We therefore hold that appellant's motion did not apprise the trial court that it was a motion to sever properly joined property offenses for separate trials. We find that, at best, appellant erroneously complained that the offenses were improperly joined assaultive offenses and that he was requesting the State to elect one on which to proceed to conviction. Since the offenses were not misjoined, however, appellant's motion was properly denied by the trial court. Therefore, we sustain the State's ground for review, and the judgment of the court of appeals regarding the propriety of the trial court's ruling is reversed.

Appellant's remaining grounds for review, see fn. 1, *ante*, deal with the court of appeals' treatment of appellant's complaints relating to the jury instructions on parole. In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988) (Opinion on Rehearing), this Court determined that Article 37.07, Section 4, V.A.C.C.P., was unconstitutional and errors relating thereto should be reviewed in light of the harmless error analysis pursuant to Tex.R.App.Pro. 81(b)(2). See *Arnold v. State*, 784 S.W.2d 372 (Tex. Cr.App.1990). We therefore vacate the judgment of the court of appeals and remand this cause to them for a harm analysis as required by that opinion.