**Bartolo SILVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 13-91-032-CR, 13-91-033-CR and 13-91-034-CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 23, 1992.

Opinion on Denial of Rehearing Feb. 20, 1992.

Aron L. Pena, Edinburg, for appellant.

Rene Guerra, Theodore Hake, Dist. Atty.'s Office, Hidalgo County Courthouse, for appellee.

Before KENNEDY, SEERDEN, and GILBERTO HINOJOSA, JJ.

## OPINION

KENNEDY, Justice.

A jury found appellant guilty of one count of aggravated sexual assault and two counts of sexual assault. The trial court assessed appellant's punishment of prison terms running concurrently at fifteen years for the aggravated sexual assault and two ten-year prison terms for the two sexual assaults. Appellant raises seven points alleging various reversible errors by the trial court. We affirm the trial court's judgments.

By one indictment, appellant was charged with committing one count of aggravated sexual assault and two counts of sexual assault against his stepson. During

the State's case-in-chief, over appellant's objection, and following a hearing, the judge allowed the State to introduce testimony by the stepson of prior sexual offenses appellant committed against him. By point six, appellant claims that this constitutes reversible error.

Appellant was indicted for an alleged aggravated sexual assault against his thirteen-year-old stepson which occurred on appellant's birthday, October 11, 1987. Additionally, appellant was indicted for sexual assault which allegedly occurred on January 31, 1988, appellant's stepson's birthday, and also for sexual assault which allegedly occurred on April 19, 1989, while appellant and his stepson were at home alone for a week.

At trial, appellant's stepson, the complaining witness, testified about the three incidents alleged in the indictment. Additionally, he testified that appellant had been sexually molesting him since he was four or five years old. He testified that appellant forced him to commit sexual acts when his mother and sisters were not at home. He also testified that when he was about six or seven, appellant took him hunting in orchards nearby their house and forced him to commit sexual acts. He testified that his father would force him to commit sexual acts sometimes as often as three times a week. He testified that appellant always had him perform the same acts.

Appellant testified at trial and denied the offenses he was charged with by indictment. Appellant testified that he took his stepsons to the orchards to pick fruit and denied that he had ever forced the complaining stepson to commit sexual acts. Additionally, appellant testified that he had never been alone with his stepson. On cross-examination, appellant testified that in the twelve years that he had been the complaining witness' stepfather, the only time he had been alone with him was when the two of them went shopping in town. He denied ever going hunting alone with his stepson.

Appellant's wife testified on behalf of appellant. She testified that she did not believe her son's testimony and that he was lying.

Appellant asserts that testimony by the complaining stepson is improperly before the jury because it relates to events outside the indictment. The testimony about which appellant complains is the stepson's testimony that appellant had sexually molested him since the age of four or five and testimony relating to specific prior sexual offenses not alleged in the indictment.

The general rule is that an accused may not be tried for some collateral crime or for being a criminal in general. *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App.1983). Therefore, an extraneous offense is not admissible unless the offense is relevant to a material issue in the case and the probative value outweighs the prejudicial effect. *Montgomery v. State*, 810 S.W.2d 372, 386 (Tex.Crim.App. 1990) (opinion on rehearing). Texas recognizes a very narrow exception to the general rule of nonadmissability of extraneous offenses. *Boutwell v. State*, 719 S.W.2d 164, 174 (Tex.Crim.App.1985). This narrow exception is a sort of "res gestae" or context exception in cases involving sexual offenses committed against children. *Id.*

In the case before us, the court held a hearing out of the jury's presence to determine whether evidence of appellant's prior sexual offenses against his stepson other than what was alleged in the indictment would be proper. The State's purpose for introducing the evidence was the "context principle" set out in *Boutwell*. 719 S.W.2d at 178. Appellant argued that evidence of extraneous offenses would be highly prejudicial and would only serve to inflame the jury. Appellant asserted at the hearing, and here on appeal, that the probative value of the evidence of extraneous offenses is outweighed by its prejudicial effect and should have been excluded. *See* Tex. R.Crim.Evid. 403.

The State relies on the narrow *Boutwell* exception permitting admission of similar extraneous sex offenses which occur between a minor complainant and the ac-

cused. 719 S.W.2d at 178. The *Boutwell* court held that the extraneous acts are relevant and probative under the "res gestae" or context rationale from which they arose. *Id.* This is because generally, when a defendant denies the alleged sexual act or relationship, or undermines the State's case, then there is a need for this type of evidence to "shore up" some portion of the State's case. *Id.* When this is the case, the prior incestuous acts are more probative than prejudicial. *Id.* at 176. The court in *Boutwell* held that evidence of these particular types of extraneous offenses is admissible and can aid the jury in properly evaluating the testimony of a minor against an adult responsible for his welfare, or in a position of authority and control over the minor. 719 S.W.2d at 175.

Theoretically, this type of evidence may be introduced to counter the perceived societal aversion to the notion that parents would commit sex acts against their children. *Id.* Otherwise, a jury would hear, essentially, an incomplete version of the charged offense, as if it had occurred in a vacuum as a one-time act, and standing alone, coming from a child, might seem implausible or incredible. *Id.* The prerequisite to introduce extraneous offenses based on *Boutwell*, is that a defendant must deny such relationship or cross-examination must render the other offenses admissible. *Id.*

Because incestuous crimes usually occur in secrecy, the State's case may depend on the credibility of the child complainant. *Montgomery,* 810 S.W.2d at 394. Therefore, when the accused calls that credibility into question, evidence of other identical or similar acts of sexual misconduct perpetrated by a parent against his child may well serve to show the context of the charged offense and to support the testimony of the child. *Id.*

We review whether the trial court abused its discretion in allowing testimony relating to extraneous offenses between appellant and his stepson. *Montgomery,* 810 S.W.2d at 386.

■ In this case, the extraneous offenses were introduced by the State during its case-in-chief, not, as the narrow exception in *Boutwell* would allow, as rebuttal evidence to a denial of the indicted offenses by appellant, nor to shore up its own case following appellant presenting evidence that would undermine the State's case. Therefore, the evidence was untimely admitted by the trial court.

However, when extraneous offenses are improperly admitted in the State's case-in-chief, subsequently admitted evidence can render the premature admission harmless. *Siqueiros v. State,* 685 S.W.2d 68, 71 (Tex. Crim.App.1985); *Michel v. State,* 745 S.W.2d 497, 498 (Tex.App.—Corpus Christi 1988, no pet.). The facts of the case before us reveal a defense strategy aimed at impeaching and undermining the testimony of the stepson by trying to show that the stepson made up the three charged offenses. This defensive strategy directly raised the concerns expressed in *Boutwell.*

Although the evidence was admitted prematurely, because of subsequent testimony by defense witnesses there was no harm to appellant. We overrule point six.

■ By points of error two, three, and four, appellant contends that the indictment alleges three numbered counts, and that each count alleges three different offenses. Appellant contends that the State was required to elect under each count, on which offense it would proceed before charging the jury.

When reviewing the indictment, we find that it contains three counts each alleging one offense. Each count provides for alternative means of committing the offense.

The record also reflects that there were three separate charges to the jury, one for each offense. Each charge included alternative means of commission as they were worded in the disjunctive. It is proper for an indictment to allege the manner and means of committing an offense in the conjunctive, and for those different methods of committing the offense to be charged to the jury in the disjunctive. *Garrett v. State,* 682 S.W.2d 301, 309 (Tex. Crim.App.1984). We overrule points two, three, and four.

■ By point seven, appellant asserts that the trial court erred in trying all nine offenses set out in the indictment in one trial. As discussed above, appellant was charged with three offenses, not nine. Additionally, by point seven, appellant contends that he was denied his right to separate trials on each of the offenses. He asserts that even if the offenses arose out of the same criminal episode, the trial court did not comply with the necessary notice requirement and did not assess the prison sentences concurrently.

Regarding the notice requirement, the State is required to notice only when it wishes to join separate prosecutions in which the offenses are based on more than one indictment. Tex.Penal Code Ann. § 3.02(b) (Vernon 1974). In the present case, there is only one indictment; thus, notice is not required since the prosecutions are joined by a single multiple count indictment in which each offense is stated in a separate count. Tex.Code Crim.Proc. Ann. art. 21.24 (Vernon 1989).

■ Texas Penal Code section 3.02 provides that a defendant may be prosecuted in a single action for all offenses arising out of the same criminal episode.[1] *See also* Tex.Code Crim.Proc.Ann. art. 21.24(a) (Vernon Supp.1989) (two or more offenses may be joined in single indictment, with each offense stated in separate count if arising out of same criminal episode). Whenever two or more offenses have been consolidated or joined for trial, the defendant has a right to a severance of the offenses. Tex.Penal Code Ann. § 3.04 (Vernon 1974). The appellant may timely request a severance so that he is tried for each count in a separate trial. *Coleman v. State*, 788 S.W.2d 369, 371 (Tex.Crim.App.1990). Furthermore, upon a timely request, the appellant's right to severance is absolute, such that severance is mandatory. *Id.* In this case, nothing before us indicates that appellant asked for a severance or separate trials in the court below.

Additionally, appellant asserts that because all three offenses were tried together that his sentences should have been assessed to run concurrently. In our review of the record, we conclude that appellant's sentences were assessed concurrently. We overrule point seven.

■ By point five, appellant claims that the trial court commented on the evidence when calling the complainant "the victim" throughout the trial and particularly during the charge, and thus, committed reversible error.

The State contends that appellant's point is not properly preserved for appeal because his brief fails to point to particular passages in the record by the use of citations as required by Texas Rule of Appellate Procedure 74(d). Although appellant fails to use the proper citation form in its brief, we will address the point of error.

The record reflects that during trial, the defense attorney objected to the court and the district attorney calling the complaining witness the victim, and contends that the references were improper comments on the weight of the evidence.

■ Article 38.05 of the Texas Code of Criminal Procedure provides that:

in ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

Generally, an instruction by the judge to disregard any comment made by him is sufficient to cure any error. *See Marks v. State*, 617 S.W.2d 250, 252 (Tex.Crim.App. 1981); *Jackson v. State*, 548 S.W.2d 685, 695 (Tex.Crim.App.1977). To constitute reversible error in violation of article 38.05, the court's comment must be such that it is reasonably calculated to benefit the State

1. Criminal episode is defined as the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person when the offenses are the repeated commission of the same or similar offense. Tex.Penal Code Ann. § 3.01 (Vernon Supp.1991).

or prejudice the defendant's rights. *Varela v. State*, 561 S.W.2d 186, 192 (Tex.Crim. App.1978).

At trial, appellant's attorney made the following objection, "I would object to the court and the district attorney calling the complaining witness the victim in this case. It's an improper comment of the weight of the evidence." The court responded, "Well, I guess we're all entitled to our opinion. I'll ask the jury to disregard the comment of the judge if he called the witness by a term that the defense objects to. All right. Call your witness." Appellant's attorney did not object to this comment by the court.

In this case, immediately following appellant's objection, the trial court instructed the jury to disregard any comments he had made. Also in each of the three charges the court instructed the jury as follows:

During your deliberations, you are instructed that you should not consider the remarks, rulings or actions of the presiding judge during this trial as any indication of the Court's opinion as to the existence or nonexistence of any fact or as an indication of the Court's opinion as to the guilt or innocence of the Defendant.

We find that the court's instruction to disregard the trial court's comments was sufficient to remedy the harm or prejudice to appellant, if any, by the trail court's comments. We overrule point five.

■ By point one, appellant claims that the trial court reversibly erred by not granting his motion for mistrial. The record before us does not contain a statement of facts relating to the trial court's evidentiary hearing held on appellant's motion for mistrial. Without the facts before us we are unable to determine whether the trial judge erred in denying appellant's motion.

The burden is on the appellant to see that a sufficient record is presented to

show error requiring reversal. Tex.R.App. P. 50(d). We overrule point one.

We affirm the trial court's judgments.

## OPINION ON MOTION FOR REHEARING

Appellant contends on motion for rehearing that this Court erred in overruling his first point of error, in which he had argued that the trial court reversibly erred by not granting his motion for mistrial. We overruled his point on the grounds that no statement of facts from the hearing on his motion was contained in the appellate record.

On rehearing, appellant contends that we erred in so holding because it had been made clear to this Court that the court reporter who took notes at the hearing died soon after trial and that no record is available. Because of this allegation, we have reviewed the appellate record and motions which appellant has filed in this Court. We ultimately determine that appellant has not shown that he timely requested the statement of facts or that the statement of facts is actually available.

Appellant was sentenced in open court on September 28, 1990. Under Tex.R.App.P. 53(a), appellant had until December 27, 1990, to designate those portions of the record he desired to have prepared for appeal. We can find no "designation of record" in the appellate record or a request under Rule 53 for a statement of facts.[1]

In January 1991, when no statement of facts had been filed by the due date, appellant filed his first motion for extension of time to file the record. Appellant gave as a reason that three court reporters, Al Flores, Pam Perez, and Jim Brooks, had worked at the proceedings. Affidavits of the three court reporters were attached. All three stated that they had not been requested to prepare a statement of facts until late January. Nonetheless, this Court granted appellant's motion to extend the time for filing the statement of facts. Four volumes of the statement of facts

1. It appears from the State's brief (p. 21) that appellant did request a statement of facts at some point. It is apparent from the affidavits of the court reporters, which were attached to appellant's first motion to extend the deadline for filing the statement of facts, that the requests were not made timely in compliance with Rule 53(a).

were filed in March 1991. These four volumes contained most of the trial testimony, but they did not include the hearing on appellant's motion for mistrial.

In April 1991, appellant filed a second motion for extension of time to file the statement of facts. In this motion, appellant stated that despite his diligent effort, he had been unable to locate one of the court reporters. This Court granted appellant's motion to extend the time for filing the statement of facts.

On July 8, 1991, appellant filed his appellate brief. He raised as a point of error the trial court's overruling his motion for mistrial, but he did not complain about a lack of statement of facts. Thereafter, on July 29, 1991, appellant filed another motion for extension of time to file the statement of facts. He did not request any particular extension limit. He stated that the extension was required because "it has been learned that the reporter's record will be needed for proper consideration of this appeal." Attached to the motion were two "memos" to appellant's attorney. One of the memos reported that court reporter Jim Brooks had died. This Court granted appellant's motion for extension of time to September 15, 1991.

That date passed, and appellant did not thereafter request any further extensions or request any relief from this Court. We then set the cause for submission, submitted the appeal, and considered the appeal on the record before us.

■ We are now confronted with the question of whether appellant has been denied a complete statement of facts through no fault of his own. *See Emery v. State*, 800 S.W.2d 530, 531–36 (Tex.Crim.App. 1990). We conclude that he has not.

Under Rule 50(e), an appellant must demonstrate that he has made a "timely request" for a statement of facts. *Emery*, 800 S.W.2d at 533. A request for the statement of facts on appeal must be a "written request to the official reporter designating the portion of the evidence and other proceedings to be included therein." *Emery*, 800 S.W.2d at 533; Tex.R.App.P. 53(a).

No request appears in the record, and it is apparent from the affidavits of the court reporters, which were filed along with appellant's first motion for extension of time to file the statement of facts, that no such written request was timely made. While it appears from the State's brief that some request was made at some time, that document is not shown in the appellate record.

Furthermore, even though this Court extended appellant's time for filing the statement of facts, appellant never complained about the missing portions until after we had affirmed the conviction. While it was evident to us that the court reporter had died, there was no showing by appellant that his death prevented another court reporter from preparing a statement of facts from the deceased's notes. Appellant simply allowed his extension of time for filing this record to expire without any explanation. Thus, appellant has filed nothing to show this Court that the missing record could not have been prepared. *See also* Tex.R.App.P. 50(e).

In short and in summary, appellant has not shown that he timely requested a statement of facts, and he had not shown that the missing testimony could not have been prepared despite the death of Jim Brooks. If appellant can show that he timely requested a statement of facts as required by Rule 53(a) and Rule 50(e) and if he can show that the statement of facts cannot be prepared, we will reconsider our holding.

Appellant's motion for rehearing is overruled.