NUMBER 13-00-00460-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI_______________________________________________________________


NORRIS REED , Appellant


v.

THE STATE OF TEXAS , Appellee.

_______________________________________________________________


On appeal from the 105th District Court

of Nueces County, Texas.

_______________________________________________________________


O P I N I O N



Before Justices Dorsey, Hinojosa, and CastilloOpinion by Justice Castillo

Appellant Norris Reed was charged with the offenses of burglary of habitation with the intent to commit aggravated assault
and aggravated assault, both offenses being alleged in the same indictment, against the same victim, on the same day, and
both being enhanced to habitual felony offender punishment. Reed was found guilty and sentenced to life in prison for both
offenses with the sentences running concurrently. From these convictions he appeals, alleging denial of his right to counsel
at a critical stage, ineffective assistance of counsel, and denial of due process based on his convictions for two offenses, one
of which he claims was a lesser included offense of the other. We affirm both convictions.

Double Jeopardy Claim

We first consider appellant's claim that he was denied due process of law when the trial court entered convictions and
sentences for both crimes with which he was charged. Appellant claims that aggravated assault is a lesser-included offense
of burglary of a habitation with the intent to commit aggravated assault and so double jeopardy barred the imposition of
two separate sentences for one crime. Claims of double jeopardy in the imposition of "multiple punishments for the same
offense" cannot be raised for the first time on appeal. Gonzalez v. State, 8 S.W.3d 640, 640 (Tex. Crim. App. 2000). 
Appellant failed to raise this issue to the trial court before the charge was submitted to the jury and hence it is waived.
Gonzalez, 8 S.W.3d at 642; Hernandez v. State, 28 S.W.3d 660, 671 (Tex. App. - Corpus Christi 2000, pet. ref'd).

Moreover, even if the issue had been raised below, we would overruled this claim. The court of criminal appeals has
already decided this question against appellant's position, specifically holding that aggravated assault is not a lesser
included of burglary of a habitation with the intent to commit aggravated assault. Jacob v. State, 892 S.W.2d 905, 909
(Tex. Crim. App. 1995). In that case, as in the instant one, the defendant was charged with burglary of a habitation with the
intent to commit aggravated assault under Texas Penal Code §30.02(a)(1). As under that section the State is not required
to prove the actual completion of the offense of aggravated assault in order to secure a conviction for burglary of a
habitation with the intent to commit aggravated assault; aggravated assault is not a lesser included offense of burglary
under §30.02(a)(1). Jacobs, 892 S.W.2d at 909. The mere fact that one offense happened on the heels of the other does not
make them the same offense, although it does make them part of the same criminal episode and thus allows the offenses to
be tried jointly. Tex. Pen. Code Ann. 3.02(a)(Vernon 1994). Since appellant was convicted of two separate and distinct
offenses, there are no double jeopardy or due process violations. Watson v. State, 900 S.W.2d 60, 62 (Tex. Crim. App.
1995). Appellant's first point of error is overruled. (1) 



Ineffective Assistance of Counsel

Appellant also alleges that "the trial court denied the Appellant due process of law and the right to counsel, when it failed to
insure him the effective assistance of trial counsel." We interpret this as a claim of ineffective assistance of counsel. We
review claims of ineffective assistance of counsel under the standard enunciated in Strickland v. Washington, 466 U.S. 668
(1984). Thus, appellant must show that: (1) his counsel's performance fell below an objective standard of reasonableness,
based on prevailing professional norms, and (2) there is a reasonable probability that, but for the counsel's unprofessional
errors, the result of the proceeding would be different. McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992).

Appellant cites four specific instances in which he claims his trial counsel was deficient. His first complaint states that his
trial counsel was deficient for failing to object or tender a proper jury instruction, allowing the trial court to enter
convictions, sentences, and judgments for two crimes in one indictment "when one was a lesser-included offense of the
other." This complaint is predicated on the assumption that aggravated assault is a lesser-included offense of burglary of a
habitation with the intent to commit aggravated assault and thus not a separate offense under the facts of this case. As
explained earlier, by reason of Jacobs, 892 S.W.2d at 909, that assumption is incorrect and so the complaint fails. Trial
counsel had no obligation, or right, to object or request jury instructions on the basis that one offense in the indictment was
a lesser-included offense of the other as such is not a correct statement of the law and so counsel could not be ineffective
for not taking such action. 

 In his second complaint, appellant claims that trial counsel erred in not requiring the State to elect between the "two
allegedly separate and distinct offenses" because they were actually a single act, that of burglary. He argues that where
there is evidence of only one act being committed, the State should have been required to elect on which offense it wished
to proceed, citing Ochoa v. State, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). Appellant's argument, however, again
relies on his claim that aggravated assault is a lesser-included offense of burglary with the intent to commit aggravated
assault. While indeed the State is required either to elect between two charged offenses, when the evidence at trial indicates
that only one actual offense was committed and the other charged offense was a mere lesser-included of the first, or submit
a charge on the second as a lesser-included offense, Ochoa, 982 S.W.2d at 908, such requirement has no application in the
present case. As aggravated assault is a separate and distinct offense from burglary of a habitation with the intent to
commit aggravated assault,Jacob, 892 S.W.2d at 909, the State was not required to elect between the two charges and trial
counselwas not ineffective for not requesting such election. 

Appellant also appears to have confused the concept of evidence of multiple transactions of a single offense in a case where
said offense was alleged under a single count, and the concept of multiple counts alleging distinct offenses in the same
indictment. The former requires an election by the State, upon a motion by the defense. Scoggan v. State, 799 S.W.2d 679,
680 n.2 (Tex. Crim. App. 1990) ("When the evidence shows two or more acts of intercourse, each of which is an offense
for which the defendant may be convicted, and the indictment charges only one offense, the State is required to elect which
act it will rely upon to secure a conviction, provided the accused makes a motion for election.") However, where there are
multiple counts alleging distinct offenses in one indictment, no election is required unless there has been a misjoinder of
charges. Thacker v. State, 999 S.W.2d 56, 63 (Tex. App. - Houston [14th] 1999, pet. ref'd); Moffatt v. State, 930 S.W.2d
823, 829 (Tex. App. - Corpus Christi 1996, no pet.); see also Coleman v. State, 788 S.W.2d 369, 370-73 (Tex. Crim. App.
1990) (discussing the difference between a motion for election and a motion to sever). In the present case, there was no
misjoinder as the two charges in the indictment arose out of the same criminal episode. Joinder of two such offenses in a
single indictment and a single trial is explicitly permitted in such circumstances. Tex. Code Crim. Proc. Ann. art. 21.24(a)
(Vernon 1989); Tex. Pen. Code Ann. §3.02(a) (Vernon 1994). Appellant does not contest that the offenses were
"committed pursuant to the same transaction," seeTex. Pen. Code Ann. §3.01(1)(Vernon 1994) (definition of criminal
episode), and indeed claims that they occurred contemporaneously and were, in fact, the same offense. While, as noted
previously, the offenses were not the same offense, we do find that they were committed pursuant to the same transaction
and so, as they arose out of the same criminal episode, appellant was properly prosecuted in a single criminal action under
Texas Penal Code §3.02(a) and a single indictment under Texas Code of Criminal Procedure article 21.24. Thus a motion
to elect would not lie in this case. Thacker, 999 S.W. 2d at 63. 

Appellant did have the right to file a motion for severance, pursuant to Texas Penal Code section 3.04(a), which would
require separate trials and allow for the imposition of consecutive sentences, but he does not claim that his lawyer was
ineffective for not requesting a severance. Tex. Pen. Code Ann. §3.04(a)(Vernon Supp. 2001). His only claim before this
Court is that his trial lawyer was ineffective for failing to require the State to elect between the two charged offenses. As
there was no right to require election in this case, appellant's trial counsel was not ineffective for failing to request an
election.

 Appellant's third complaint alleges that trial counsel erred in not asking for a jury instruction requiring a verdict in the
disjunctive as there was only one crime because one "is a lesser-included offense" of the other and so "there was only one
criminal act." The terms conjunctive and disjunctive refer to the manner of charging one offense with alternative theories of
different possible mental states or manners or means. The State may, in its charging instrument, allege an offense
conjunctively, that is, that it was committed in one fashion and another fashion, such as "by kicking and hitting." Rogers v.
State, 774 S.W.2d 247, 251 (Tex. Crim. App. 1989). Alternatively, the State may, in its charging instrument, allege an
offense disjunctively, that is, that it was committed in one fashion or another fashion such as "kicking or hitting."Hunter v.
State, 576 S.W.2d 395, 399 (Tex. Crim. App. 1979). The State may allege the different mental states or manners or means
in one paragraph or several. Regardless of how the offense was pled in the indictment, however, the State may charge the
jury disjunctively and thus place the various theories before the jury in alternative terms (e.g. "kicking or hitting"). 
Kitchens v. State, 823 S.W.2d 256, 257 (Tex. Crim. App. 1991). 

The indictment in the present case contained two counts of one paragraph each. The first count, burglary of a habitation
with the intent to commit aggravated assault, was alleged with only one manner and means so there was nothing to conjoin
or disjoin in the jury charge. The second count, of aggravated assault, although being in one paragraph, alleged three
different possible mental states ("intentionally andknowingly and recklessly") and two different manners and means ("by
striking Moniquea Brown Crawfordand by pushing Moniquea Brown Crawford's eyes with his thumbs") in one paragraph. 
These different mental stages and manners and means were charged conjunctively in the indictment. In the jury charge, this
allegation was charged disjunctively, and so the "and"s became "or"s, as is permitted by law. Technically, the ability to
have the jury charge in the disjunctive, despite being pled in the conjunctive, is a boon to the State, not the defendant, as it
allows the State to place different mental states or manners and means before the jury who then has alternative theories
under which it might convict a defendant. (2) Thus, appellant's complaint that his trial counsel was ineffective for not
requesting that the jury be charged disjunctively is puzzling because disjunctive charging increases the chances of
conviction. In any case, his complaint fails because, in fact, the jury was charged in the disjunctive as to the one offense
that had multiple clauses that could be charged disjunctively. 

Despite his stated complaint, upon review of the cases cited by appellant under this point, it appears he may actually be
attempting to argue that his lawyer failed to ask for an instruction asking the jury to choose one of the two charged offenses
and convict him only on one. Appellant cites Vasquez v. State, presumably for the contention that election between
different manners and means could have been required upon a motion by his trial attorney as suggested in Vasquez. 
Vasquez v. State, 665 S.W.2d 484, 487 (Tex. Crim. App. 1984) (involving a one-paragraph indictment with two manners
and means and language and finding the conviction on either proper "absent...a motion forcing the State to elect").
However, the court of criminal appeals later specifically repudiated such an interpretation of this language, noting that the
question of elections was not before the court in Vasquez and the case that it relied upon for this notion did not actually
support the proposition. Marquez v. State, 725 S.W.2d 217, 239 (Tex. Crim. App. 1987). The State is not required to elect
between separate manners and means of committing the same offense. Braughton v. State, 749 S.W.2d 528, 530 (Tex.
App. - Corpus Christi 1988, pet. ref'd) (citing Cook v. State, 741 S.W.2d 928, 935 (Tex. Crim. App. 1987) and Franklin v.
State, 606 S.W.2d 818, 821 (Tex. Crim. App. 1979)). 

Another possible interpretation of this complaint is that appellant is urging that his counsel should have had the jury
instructed that they could only convict on one of the counts and must choose between them. This argument has been
discussed supra in reference to the aspect of election. We additionally note that Texas Code of Criminal Procedure article
37.07 requires that if there is more than one count in the indictment the jury must be instructed to return a separate verdict
as to each count. Tex. Code Crim. Proc. Ann. art. 37.07, §1(c) (Vernon 1981). Therefore, trial counsel would have had no
authority to request an instruction that the jury must choose between the two counts and only convict on one, as such
instruction would have been erroneous. Accordingly, there was no ineffective assistance. 

Under this complaint appellant also references law on misjoinder and due process notice violations. As stated previously,
there was no misjoinder and so trial counsel thus had no duty, or right, to argue misjoinder. In regard to his other reference,
appellant claims his due notice requirements were violated in that he was "clearly charged with only one act" and so he
cannot be convicted of two acts. Appellant does not cite any authority explaining what notice requirements he claims were
violated, or how he believes his trial attorney failed to act professionally in regards to any notice requirement, but, in the
interest of justice, we will analyze this claim. First, we consider the notice provided by the indictment. Defects of form or
substance in the indictment which are not objected to before trial by way of a motion to quash are waived under Texas
Penal Code section 1.14. Presumably, appellant is complaining that his trial counsel failed to file a motion to quash the
allegedly defective indictment. Appellant's claim, inherent in his argument, that he believed himself only to be charged
with one offense and had no notice that he might be convicted of two offenses, is insupportable given the recitations in the
indictment and the documentation in the record. A review of the indictment indicates that appellant was clearly informed
of the allegations against him by way of the indictment which listed each allegation in a separate count and clearly stated he
was being charged with two separate offenses. The record reveals unambiguously and conclusively that appellant knew he
was on trial for both the offense of burglary of a habitation with the intent to commit aggravated assault and the offense of
aggravated assault. There was no lack of notice in the indictment. 

If appellant is not meaning to challenge his attorney's effectiveness in relation to the notice provided by the indictment, he
may be arguing that he did not receive a separate notice that the two charges would be tried together pursuant to Texas
Penal Code section 3.02(b). This section requires that the State provide written notice when more than one indictment is to
be tried in a single trial by virtue of there being only one criminal action. Tex. Pen. Code Ann. §3.02(b) (Vernon 1994). 
Appellant was charged in a single indictment with two offenses which arose out of a single criminal episode. Where a
defendant is being tried on a single indictment, §3.02(b) notice requirements, by their own terms, do not apply, and so no
notice is required. Silva v. State, 831 S.W.2d 819, 823 (Tex. App. - Corpus Christi 1992, no pet.). There were no due
process notice violations as there was no lack of notice. Trial counsel therefore had no duty or right to complain of any
notice violations. 

 Appellant's first three complaints of ineffective assistance of counsel all arise out of misunderstandings and
misinterpretations of the law proper to this case. As appellant was not entitled to any instructions or objections or actions
which he complains were not made, his trial counsel was not ineffective for not raising them. Since we have found that
there was no deficient performance in regard to any of the complaints made by appellant, we need not reach the second
prong of the Strickland analysis. It is axiomatic that a trial counsel is not ineffective for the failure to make frivolous
claims.

Appellant's fourth claim regarding ineffective assistance of counsel asserts that he was denied "any and all counsel" during
a critical stage of his prosecution, namely, the period of time during which a motion for new trial could have been filed. 
This is not actually an ineffective assistance of counsel claim but a claim of denial of his right to counsel, which appellant
also raised as a distinct point of error. Accordingly, we discuss this claim separately.

Denial of Right to Counsel

Appellant also claims that he was denied his right to counsel at a critical stage in the proceedings, the period of time during
which he might have filed a new trial. He cites Prudhomme v. State, 28 S.W.3d 114 (Tex. App.- Texarkana 2000, no pet.),
for the proposition that, since he was not appointed counsel until after the period during which a motion for new trial could
be filed, he is entitled to a reversal and remand. 

The State, citing Smith v. State, 17 S.W.3d 660 (Tex. Crim. App. 2000) and Oldham v. State, 977 S.W.2d 354 (Tex. Crim.
App. 1998), argues that, absent a showing in the record to the contrary, this court must presume that appellant was
adequately counseled regarding his right to file a motion for new trial by his trial counsel and that a motion for new trial
was considered and rejected. The State further argues that the fact that appellant filed a pro se notice of appeal is itself
some evidence that he was informed of at least some of his appellant rights.

We have determined, in our recent decision of Jones v. State, that "where the record does not show that trial counsel
withdrew or was replaced by a new counsel after sentencing there is a rebuttable presumption that trial counsel continued to
effectively represent the accused during the period for new trial" and "this presumption will not be rebutted when there is
nothing in the record to suggest otherwise." Jones v. State, 39 S.W.3d 691, 693 (Tex. App. - Corpus Christi 2001, no pet.
h.). We also agreed with the Oldham court that a pro se notice of appeal was evidence that an appellant was informed of at
least some appellate rights. Id.

In reviewing the record of the instant case, we note that appellant filed a pro se notice of appeal. We also find no evidence
that trial counsel withdrew or was replaced during the period between sentencing and the time of the expiration of the
period during which a motion for new trial might have been filed. While the record does reflect that appellant stated in his
pro se notice of appeal, filed 22 days after his sentencing, that he was requesting a court-appointed attorney to represent
him on appeal and that appellate counsel was not appointed until 13 days after the period for filing a new trial, such
evidence does not rebut the presumption that appellant's trial counsel continued to act effectively during the period in which
a new trial could have been filed. The mere fact that appellant requested court appointed counsel does not indicate that he
was not counseled regarding his right to file a new trial or adequately represented by counsel during this period. Smith, 17
S.W.3d at 662-63; Oldham, 977 S.W.2d at 362-63. Appellant's pro se notice of appeal and another separate request to the
trial court for counsel indicate he knew of at least some appellate rights. Neither of these documents makes any reference
to the desire to file a motion for new trial, however, and do not rebut the presumption that he was advised of, considered
and rejected that option. We find nothing in the record, and appellant cites us to nothing in the record, to overcome this
presumption. We therefore overrule this issue.

We note also that appellant in his brief to this Court gives no explanation of how the denial of counsel caused him any
harm. He does not state what he would have claimed in a motion for new trial, had he been able to file one, or how that
would have helped him on appeal. He has not stated that he would have filed a motion for new trial. He has not shown
how the lack of an attorney to file the motion was detrimental to his appeal. Appellant has wholly failed to demonstrate
that having counsel during the complained-of time period would have made any difference whatsoever to his appeal. Cf.
Prudhomme, 28 S.W.3d at 120-21 (appellant had filed a pro se motion with a facially plausible claim which, because he
did not have counsel, he was unable to present to the court). Deprivation of counsel after sentencing and before the
deadline for new trial does not automatically entitle a person to a reversal of a conviction and the grant of a new trial, but
rather, is subject to a harm analysis and the remedy, if any, must be tailored to the injury. Massingill v. State, 8 S.W.2d
733, 737-38 (Tex. App. - Austin 1999, no pet.). As appellant has not asserted a facially plausible claim which might have
been brought before the court in a motion for new trial, he has made no showing of any harm. Thus, even if there had been
error, such error would be harmless and cannot reasonably be said to have contributed in any way to his conviction or
punishment. Tex. R. App. Proc. 44.2(a); Id.


Conclusion

Having determined that all of appellant's issues are without merit, we affirm both convictions. 

 

ERRLINDA CASTILLO

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 23rd day of August, 2001.

1. In his final paragraph under this point, appellant argues that there was only one criminal act proven - aggravated assault
- because there was no proof of an illegal entry. Appellant does not label this as a separate issue attacking the sufficiency
of the evidence to sustain the conviction on the burglary of the habitation and we do not address it as such. We also note
that even if this passing reference was somehow meant to be an attempt to raise a sufficiency issue in this appeal as to the
burglary conviction, the issue has been waived as appellant provided no references to the record nor cited any legal
authorities supporting any possible claim of legal or factual insufficiency of the evidence. Tex. R. App. P. 38.1(h).

2. This practice of pleading mental states in the conjunctive and charging the jury in the disjunctive (where the statutory
language is disjunctive) has been long approved and that of pleading alternative manners and means conjunctively while
charging them disjunctively before the jury has likewise been upheld. Such pleading and charging rules are well settled in
this state. Rogers v. State, 774 S.W.2d 247, 251 (Tex. Crim. App. 1989).