**Affirmed and Memorandum Opinion filed August 21, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00366-CR
## NO. 14-17-00367-CR

---

**JAMAL D. MCQUEEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause Nos. 1531091 & 1531092**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jamal D. McQueen of aggravated robbery with a deadly weapon and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for sixty years. Further, the jury assessed a fine in the amount of $10,000 (trial court cause number 1531091; appeal No. 14-17-00366-CR). The jury also found appellant guilty of evading arrest or detention–

second offender and assessed punishment at confinement in a state jail facility for two years and a fine of $10,000 (trial court cause number 1531092; appeal No. 14-17-00367-CR). The sentences were ordered to run concurrently. From those judgments, appellant brings this appeal.

In a single issue, appellant claims the trial court erred by granting the State's motion to consolidate the charged offenses. We first address the State's argument that appellant's argument on appeal does not comport with his objection at trial.

To preserve a complaint for appellate review, a party must have presented a timely request, objection, or motion to the trial court stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a). A complaint is not preserved for appellate review if the legal basis for the complaint on appeal varies from the complaint made at trial. *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009); *see also Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) (noting that, "[i]f a trial objection does not comport with arguments on appeal, error has not been preserved"); *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014) (stating that, "[w]e are not hyper-technical in examination of whether error was preserved, but the point of error on appeal must comport with the objection made at trial").

The State's motion to consolidate was filed on April 7, 2017. Prior to voir dire on May 1, 2017, the trial court asked if the State had any matters that needed to be addressed. The State raised the motion to consolidate. Defense counsel responded that his objection was contained in his motion in limine regarding extraneous offenses. Counsel argued "the evading" was not "contemporaneous with the aggravated robbery" and was therefore an extraneous offense. Counsel complained "the jury would be invited to consider evidence of a crime that – an alleged crime that has nothing to do with the State's burden of proof in the robbery case. It's an extraneous offense. The jury should not be able to consider it on guilt or innocence."

2

Counsel then argued his motion in limine regarding extraneous offenses should be granted.

The State answered as follows:

. . . [B]oth of these actions arose out of the same criminal episode. The aggravated robbery took place on November 1st of 2016. The evading arrest on foot took place on November 16th 2016. Although those are different dates, the police department was actively looking for Mr. McQueen, was actively looking for Mr. McQueen on those dates and was conducting active surveillance on the location. And when they identified him as the suspect in the aggravated robbery, that was when they tried to make the arrest on the aggravated robbery, and he fled on foot. The argument would be that these are not two different criminal episodes but a single criminal episode.

Defense counsel responded by arguing that the State's evidence would encourage the jury to find appellant guilty "aside from the facts alleged . . . with respect to the robbery. It's not relevant."

On appeal, appellant makes the following argument as to error:

The Texas Penal Code permits the consolidation of separate criminal charges against a defendant that arise out of a single criminal episode. *Tex. Penal Code Ann.* § 3.02.[2] However, the code grants a defendant the absolute right to sever subject to the exclusion(s) set forth in Section 3.03 of the Texas Penal Code. *See Tex. Penal Code Ann.* § 3.02; and *Tex. Penal Code Ann.* § 3.03( b).

The State filed a Motion to Consolidate the Aggravated Robbery Charge (alleged to have been committed on November 1, 2016) and the Evading Detention Charge (alleged to have been committed on November 16, 2016) claiming the offenses arose out of the same criminal episode. [citations to the record omitted] Trial Counsel for McQueen objected. [no citations to the record] Nonetheless, despite the inapplicability of Section 3.03, the State's Motion was granted by the Trial Judge. [citations to the record omitted]

[2]A criminal episode means the commission of two or more offenses regardless of whether the harm is directed or inflicted upon more than one person or item of property if: (1) the offenses are

committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or (2) the offenses are the repeated commission of the same or similar offenses. *Tex. Penal Code Ann.* § 3.01.

The remainder of appellant's brief is devoted to a harm analysis.

We agree with appellant's assertion on appeal that a defendant has the right to sever two or more offenses that have been consolidated or joined for trial under section 3.02. Tex. Penal Code § 3.04 (citing Tex. Penal Code § 3.02). However, no motion to sever was filed in this case. Appellant's argument in the trial court does not constitute a verbal motion for severance because appellant never indicated that he desired *separate* trials. *See Coleman v. State*, 788 S.W.2d 369, 373 (Tex. Crim. App. 1990). Appellant also failed to apprise the trial court of the argument made on appeal that the offenses did not arise from the same criminal episode. *But see id.* (recognizing appellant's motion was a complaint that the offense were improperly joined assaultive offenses and that he was requesting the State to elect one on which to proceed to conviction). Because the legal basis for appellant's argument on appeal varies from the complaint made at trial, any error has not been preserved. *See Lovill*, 319 S.W.3d at 691–92; *see also Thomas*, 505 S.W.3d at 924 *Bekendam*, 441 S.W.3d at 300.

Accordingly, appellant's issue is overruled. In each case, the judgment of the trial court is affirmed.

/s/    John Donovan
Justice

Panel consist of Justices Boyce, Donovan and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).